DANIEL A. ROBIDA, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robida v. Commissioner
Docket Nos. 3521-68, 1593-69 SC.
United States Tax Court
T.C. Memo 1974-294; 1974 Tax Ct. Memo LEXIS 26; 33 T.C.M. (CCH) 1370; T.C.M. (RIA) 740294; November 19, 1974, Filed. *26 Daniel A. Robida, pro se. Eugene H. Ciranni, for the respondent. QUEALY
MEMORANDUM FINDINGS OF FACT AND OPINION QUEALY, Judge: The respondent determined deficiencies in the Federal income tax return of the petitioner for the taxable years 1964 and 1965 in the amounts of $1,002.31 and $557.95, respectively. Due to concessions by the parties, the issues for our decision are: Docket No. 3521-68. (1) Whether petitioner received additional dividend income in 1964 in the amount of $1,052.84; (2) Whether deductions of $820 for contributions, $190 for medical expenses, $1,000 for a casualty loss, and $1,874 for other deductions including legal fees and cost of keeping stock are allowable for 1964. Docket No. 1593-69 SC. (1) Whether deductions of $860 for contributions, $1,125 for cost of keeping stock, and $170 for loss from theft are allowable for 1965; (2) Whether petitioner is entitled to a dependency exemption of $600 for 1965. FINDINGS OF FACT Petitioner filed Federal income tax returns for the taxable years 1964 and 1965 with the district director for the Portsmouth District of New Hampshire. At the time of the filing of the petition in docket *27 No. 3521-68, petitioner's place of residence was Auburn, Massachusetts. At the time of the filing of the petition in docket No. 1593-69 SC, petitioner's place of residence was Sacramento, California. In his petition, correspondences to the Court and at the trial, petitioner made several contentions: First, that the amount of dividends he received from Walston & Co. was $4,206.03 and not $5,258.87, as determined by respondent; Second, that he made contributions for the taxable year 1964 totaling $820; Third, that $656.35 in interest was paid to Walston & Co. in 1964 but that Walston & Co. did not post this amount on his account until January of the next year; Fourth, that he incurred deductible medical expenses of $190 for the taxable year 1964; Fifth, that he had a casualty loss of $1,000 in the taxable year 1964 due to loss of personal property from his hotel room during the time he was incarcerated in Germany in 1963; Sixth, that he incurred legal fees in 1964, which together with costs of keeping his stock, totaled $1,874; Seventh, that in 1965, he had a capital loss on the disposition of 600 shares of stock that he held in Fiat in the amount of $1,144; Eighth, *28 that he made contributions for the taxable year 1965 totaling $860; Ninth, that his cost of keeping his stock in 1965 was $1,125; Tenth, that he incurred in 1965 a loss by theft of $170 when personal property was stolen from his automobile; and Eleventh, that he was entitled to a dependency exemption of $600 for the taxable year 1965 for a person called Nancy. There was no evidence as to her identity or the amount of support he gave her. Prior to trial, the parties reached a tentative settlement agreement whereby the respondent conceded that the petitioner could take the interest deduction for the taxable year 1964 and that the petitioner did in fact have a capital loss of $1,144 in 1965. Although the agreement never was finalized, the respondent, at trial, again conceded these issues. Regarding the remainder of the issues, the deductions in 1964 and the deductions and exemption in 1965, the petitioner provided no evidence to verify the amounts or to show that he was entitled to such allowances. Although the German government confiscated some of his records, such records relate to years prior to 1964. OPINION At trial, the petitioner failed to present any evidence *29 verifying the amounts actually paid or their basis as qualified deductions. The respondent being willing to allow the deduction of the $656.35 of interest for the taxable year 1964 and the capital loss of $1,144 on the sale of 600 shares of Fiat in 1965, we find that the petitioner has failed to establish that he was entitled to the remaining deductions or exemption. Decision will be entered under Rule 155 in docket No. 3521-68; Decision will be entered under Rule 155 in docket No. 1593-69 SC.